**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

MICHAEL HELLERMAN,
an Individual,

       Plaintiff,

v.

SAM SLOAN,
an Individual, and ISHI
PRESS INTERNATIONAL,
a New York Limited
Liability Company,

       Defendants.
_____/

## COMPLAINT

Plaintiff, MICHAEL HELLERMAN, ("Plaintiff" OR "Hellerman"), by and through undersigned counsel, files its complaint to Defendants, SAM SLOAN ("Sloan") and ISHI PRESS INTERNATIONAL ("Ishi") (collectively referred to as "Defendants"), for copyright infringement and vicarious and contributory to same, and in support thereof alleges as follows:

## OVERVIEW

1. This is a complaint seeking actual damages emanating from copyright infringement arising under the copyright laws of the United States, including, but not limited to, 17 U.S.C. § 101, *et seq.*, whereby Defendants deliberately and willfully infringed on Plaintiff's Copyright by blatantly copying and reprinting Plaintiff's original work and financially benefited from same.

## THE PARTIES

2. Plaintiff, Hellerman, is an individual who resides in Miami-Dade County, Florida.

3. Defendant, Sloan, is an individual who upon information and belief resides in Bronx County, New York.

4. Defendant, Ishi Press International, who is, upon information and belief, a limited liability company based in Bronx, New York.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to diversity jurisdiction as defined by 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendants because, as more fully alleged below, Defendants have committed tortious acts within Florida which have caused damages to the Plaintiff in Florida;

7. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, attorney's fees, and punitive damages.

8. Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

9. Plaintiff, Hellerman, grew up in Brooklyn, New York, and became a successful Wall Street Stockbroker in the 1960s and 1970s.

10. From his time as a Stockbroker, Hellerman had numerous stories about the inner workings of Wall Street, which he decided to portray in an originally authored book.

11. In 1977, Hellerman, along with his co-publisher Thomas Renner, published the book "Wall Street Swindler" (referred to as the "Book").

12. Hellerman appropriately registered several copyrights for the Book with the U.S. Copyright Office, which are attached hereto as "**Exhibit A**." (collectively referred to as the "Copyright").

13. The book was sold both in-store and online throughout the United States and became wildly successful.

## FACTUAL ALLEGATIONS

14. On or about 2019, Defendant, Sloan, blatantly infringed on Hellerman's Copyright by wholly copying and reprinting the entire book (referred to as the "Infringing Product"), while Defendant, Ishi, as Sloan's publisher supervised and controlled the acts of same.

15. Defendants' Infringing Product added nothing of value to the Book but instead copied the cover page, the summary page, and every single page thereafter (a side-by-side comparison of the Book and the Infringing Product is attached hereto as "**Exhibit B**").

16. Upon learning of Defendants' unauthorized use of the Copyright, Hellerman, through the undersigned counsel, sent a demand letter to Sloan demanding that they cease and desist from distribution of the Infringing Product and to provide accountings of all the monies received from such unauthorized use.

17. Despite receiving both actual and constructive notice of Hellerman's exclusive rights, Defendants continue to willfully and intentionally violate Hellerman's rights by engaging in the unauthorized use of the Copyright.

**COUNT I – COPYRIGHT INFRINGMENT (VIOLATION OF 17 U.S.C. § 101, ET SEQ.)**
(vs. Defendant Sam Sloan)

Plaintiff readopts and re-alleges the allegations contained above and in paragraphs 1 through 17 above as if fully stated herein and he further alleges:

18. This is a count for copyright infringement vs. Defendant Sloan.

19. Plaintiff, Hellerman, his company, and co-author own all rights, title, and interest in the Copyright (see Ex. A).

20. Sloan has infringed on Hellerman's copyright by wholly copying and reprinting the Book for sale in commerce (a screenshot of the Infringing Product being sold on Google Books is attached hereto as "**Exhibit C**").

21. Sloan had access to the Copyright, as shown through the identical nature of the Infringing Product to the Book.

22. As a result of the aforementioned unauthorized use, Sloan has committed copyright infringement by willfully and intentionally violating 17 U.S.C. §§ 101, 504 et seq.

23. Sloan's conduct has injured Hellerman in a monetary amount to be determined at trial and has and will continue to cause irreparable injury to Hellerman, for which he has no adequate remedy at law.

**WHEREFORE**, for the reasons set forth herein, Plaintiff asks this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiff also requests that this court issue any other relief that it deems to be fair and just.

**COUNT II – VICARIOUS AND CONTRIBUTORY LIABILITY FOR COPYRIGHT INFRINGEMENT**
(vs. Defendant Ishi Press International)

Plaintiff readopts and re-alleges the allegations contained above and in paragraphs 1 through 17 above as if fully stated herein and he further alleges:

24. This is a count for vicarious and contributory liability for copyright infringement vs. Ishi.

25. Upon information and belief, Ishi knowingly induced, participated, aided, abetted, and profited from the Infringing Product's illegal reproduction, distribution, and publication.

26. As the publisher, Ishi facilitated the illegal copying and infringing of Sloan during the creation of the Infringing Product and realized profits through the respective distribution and publication of such.

27. As the publisher, Ishi is vicariously liable for the infringement of Sloan described herein because Ishi had the right and ability to supervise the infringing acts and because Ishi had an obvious and direct financial interest in the infringing acts.

28. As a result of Ishi's vicarious and contributory copyright infringement, Hellerman has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as irreparable injury that has not adequate remedy at law.

**WHEREFORE**, for the reasons set forth herein, Plaintiff asks this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiff also requests that this court issue any other relief that it deems to be fair and just.

**WHEREFORE**, for the reasons set forth herein, Plaintiff asks this Honorable Court to enter judgment and grant relief as follows:

   I. Injunctive relief pursuant to 17 U.S.C. § 502;

   II. Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504;

   III. Plaintiff's costs, including attorney's fees, in prosecuting this action pursuant to 17 U.S.C. § 505; and

   IV. Since Defendants' infringement has been, and continues to be, willful and intentional in nature, Plaintiffs may, at their election, recover the maximum amount of statutory damages for each infringed work in accordance with 17 U.S.C. § 504(c)(2).

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Counsel for Plaintiff Michael Hellerman*
175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone: 305-384-7370

By: _/s/ Richard C. Wolfe_

RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com
