**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  23-CV-23548-KMW**

MICHAEL HELLERMAN,
an Individual,

        Plaintiff,

v.

SAM SLOAN,
an Individual, and ISHI
PRESS INTERNATIONAL,
a New York Limited
Liability Company,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED**
**MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff Michael Hellerman's Amended Motion for Default Judgment (the "Motion"). [ECF No. 20]. The Motion was referred to the Undersigned by the Honorable Judge Kathleen M. Williams for a report and recommendation. [ECF No. 21]. For the reasons addressed below, it is **RECOMMENDED** that the Motion be **GRANTED**.

## I.    BACKGROUND

Plaintiff Michael Hellerman commenced this action by filing his Complaint on September 15, 2023 [ECF No. 1]. Hellerman's Complaint alleged a claim for copyright infringement pursuant to 17 U.S.C §101 et seq., with respect to the Defendants' improper and willful publishing and distribution of a book that infringes on Hellerman's copyright rights. Hellerman served the Complaint and Summons on Defendants on September 29, 2023. [ECF No. 10]. Accordingly, Defendants' responsive pleading to the Complaint was due on or before October 19, 2023.

Defendants failed to appear in a timely manner and to date have not entered any appearance in this case or otherwise responded to the Complaint.

According to Hellerman, in 1977, he and his co-publisher Thomas Renner, published the book "Wall Street Swindler" (the "Book"). Hellerman appropriately registered several copyrights for the Book with the U.S. Copyright Office (collectively referred to as the "Copyright"). On or about 2019, Defendant, Sam Sloan, willfully infringed on Hellerman's Copyright by wholly copying and reprinting the entire book (referred to as the "Infringing Product"). Defendant Ishi Press International is vicariously liable for Infringing on Hellerman's Copyright as Sloan's publisher since it supervised and controlled the acts of Sloan and derived a direct financial benefit from Sloan's infringement. Despite receiving both actual and constructive notice of Hellerman's exclusive rights, Defendants continued to willfully and intentionally violate Hellerman's rights by engaging in the unauthorized use of the Copyright.

## II.  <u>LEGAL STANDARD</u>

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. *See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011).

III.    <u>DISCUSSION</u>

**A. Direct Copyright Infringement**

Here, the well-pleaded facts in Plaintiff's Complaint are sufficient to state a plausible claim for relief for direct copyright infringement and vicarious copyright infringement.

To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the book and (2) defendants copied protected elements from the book. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 361 (1991); *SunTrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1266 (11th Cir. 2001). "Where a plaintiff cannot demonstrate access[s] he may, nonetheless, establish copying by demonstrating that [her] original work and the putative infringing work are strikingly similar." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 n.6 (11th Cir. 2002). The manufacture, distribution, and/or sale of an unauthorized copy that is substantially similar to a protected work is an infringement of the copyrighted work under 17 U.S.C. §§ 106, 501(a). *See, e.g., Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 843 (11th Cir. 1990); *Sid & Marty Krofft Television Prod., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977).

The Court has carefully reviewed the Complaint and concludes that Hellerman has established a claim for direct copyright infringement against Defendants. The Complaint plainly alleges that Hellerman appropriately, and timely registered several copyrights in his name for the Book with the U.S. Copyright Office. [*See* ECF No. 1-1]. As such, Plaintiff owns all rights, title, and interest in the Copyright to the Book. On or about 2019, Defendant, Sloan, infringed on Hellerman's Copyright by wholly copying and reprinting the entire Book for distribution and sale. [ECF No. 1 ¶¶ 19–23]. An analysis of the side-by-side comparison of certain pages of the Book and Defendants' infringing product evidenced in "Exhibit B" of the Complaint shows that

Defendants' infringing product added nothing of value to the Book and instead copied the Book. [*See* ECF No. 1-2]. In the Complaint, Hellerman pleads that: (1) he was an owner of the registered copyright in the Book and (2) that Defendant Sloan copied protectable elements of the Book. [ECF No. 1]. Damages that resulted from this infringement were also alleged and are described further in the section below. As such, these facts, which are deemed admitted because of Defendants' default, are sufficient to establish a claim for direct copyright infringement.

### B. Vicarious Copyright Infringement

Further, the Court has carefully reviewed the Complaint and concludes Hellerman has established a claim for vicarious copyright infringement against Defendant Ishi.

Under federal copyright laws, a party may be liable for indirect forms of infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also Am. Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 452 (2014) ("Secondary liability, by contrast, is a means of holding defendants responsible for infringement by third parties, even when the defendants 'have not themselves engaged in the infringing activity.'") (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417 (1984)) (Scalia, J., dissenting). Although the Copyright Act does not expressly provide for such liability, the doctrines of contributory and vicarious infringement "emerged from common law principles and are well established in the law." *Id*. (citing *Sony Corp.*, 464 U.S. at 486 (Blackmun, J., dissenting). In order to state a claim for vicarious copyright infringement, a plaintiff must allege (1) "the right and ability to supervise," and (2) "a direct financial interest" in the profits of the infringing activity. *Klein & Heuchan, Inc. v. Costar Realty Info., Inc*., 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), aff'd, 425 F. App'x 833 (11th Cir. 2011)) (citation omitted). Defendant, Ishi, as Sloan's publisher is liable for vicarious copyright infringement for supervising and controlling the acts of same, as well as receiving a

direct financial benefit. This is plainly alleged in paragraph 27 of the Complaint: "As the publisher, Ishi is vicariously liable for the infringement of Sloan described herein because Ishi had the right and ability to supervise the infringing acts and because Ishi had an obvious and direct financial interest in the infringing acts." ECF No. 1 ¶ 27].  As such, these facts, which are deemed to be admitted because of Defendants' default, are sufficient to establish a cause of action for vicarious copyright infringement.

### C.  Damages

Next, the Court must assess the total awarded damages. "The Eleventh Circuit . . . has reaffirmed that '[j]udgment of default awarding cash damages c[an] not properly be entered "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. Damages may be awarded only if the record accurately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Guarantee Co. of N. Am. USA v. MIK, LLC* 1:18-CV-60825-UU, 2018 WL 4208241, at 3 (S.D. Fla. June 26, 2018) (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). However, "[c]ourts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the defaulting infringers' control." *Hawaiiweb, Inc. v. Experience Haw., Inc*., No. 1:16-cv-00405-WSD, 2017 U.S. Dist. LEXIS 11127, at *16 (N.D. Ga. Jan. 27, 2017) (citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007)). This Court has previously granted default judgments awarding statutory damages for copyright infringement where supporting affidavits allow the court to ascertain a certain amount from the definite figures contained therein. *Broad. Music, Inc. v. Joint Bar & Grill*, No. 12-21209-CIV, 2012 U.S. Dist. LEXIS 193785, at *7 (S.D. Fla. Sep. 5,

2012).

Where infringement works some considerable injury, court may estimate damages within statutory limits, without being bound by usual legal proofs; it was the intention of Congress (1) to preserve the right of plaintiff to pursue damages and profits by historic methods of equity if he chooses so to do; and (2) to give new right of application to court for such damages as shall 'appear to be just… *S. E. Hendricks Co. v. Thomas Pub. Co.*, 242 F. 37, 1917 U.S. App. LEXIS 1857 (2d Cir. 1917). "The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Eleventh Circuit Court of Appeals has stated that willfulness under the Copyright Act "means that the defendant 'knows his actions constitute an infringement; the actions need not have been malicious.'" *Cable/Home Commc'n Corp. v. Network Prods.*, Inc., 902 F.2d 829, 851 (11th Cir. 1990) (quoting *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988)). In similar cases, this Court has turned to other circuits' opinions that held that an individual's reckless disregard meets the standard of "willful" when awarding statutory damages for copyright infringement. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394-95 & n.7 (5th Cir. 2014); *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (holding that a

finding of "reckless disregard of the copyright holders rights (rather than actual knowledge of infringement) suffices to warrant [an] award of enhanced damages").

Plaintiff has elected an award of $150,000 in statutory damages. The undersigned has "broad discretion" in determining an award of statutory damages for copyright infringement. *Joe Hand Promotions, Inc. v. Santana,* No. 19-CV-116-OrL-37GJK, 2019 WL 6134420, at *5, *report and recommendation adopted,* 2019 WL 6133737 (M.D. Fla. Nov. 19, 2019). Among factors to consider in determining an award of damages are the: (i) costs saved and profits reaped by infringer; (ii) revenues lost by the copyright holder as a result of the infringement; and (iii) infringer's state of mind, whether willful, knowing, or innocent. *Sanrio Co., Ltd. v. Sommer's Ent. LLC*, 18-CV-22177, 2019 WL 2010249, at *5 (S.D. Fla. Mar. 21, 2019). Moreover, willful infringement of copyright may be inferred from a defendant's default on a complaint. *See Arista Records Inc. v. Beker Enters., Inc*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003).

Here, the allegations and Plaintiff's affidavit clearly establish that Defendants' infringement was willful in that they either had (1) knowledge of infringement, as evidenced by his copying of Plaintiff's name on the Infringing Product, or (2) a reckless disregard as shown through his deliberate copying and distribution of Plaintiff's rightfully owned Copyright. [ECF No. 20-1]. Defendants have failed to appear in the current action and their conduct has been deemed willful.

Further, Defendants are joint and severally liable for statutory damages. 17 U.S.C. § 504(c); *Campbell v. Bennett*, 47 F.4th 1362, 1367 (11th Cir. 2022). *See Lang-Correa v. Diaz-Carlo*, 672 F. Supp. 2d 265, 2009 U.S. Dist. LEXIS 114214 (D.P.R. 2009) (holding that the owner of copyrighted intellectual property was entitled to default judgment under Fed. R. Civ. P. 55(b) because he established infringement liability of editor and her company under 17 U.S.C. § 501(b)

after they published owner's book without owner's involvement and owner established statutory damages for willful infringement under 17 U.S.C. § 504).

Accordingly, because the amount of damages is within the Court's discretion, the Court believes the maximum damages amount of **$150,000.00** is an appropriate award under the circumstances.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons it is **RECOMMENDED** that Plaintiff Michael Hellerman's Amended Motion for Default Final Judgment [ECF No. 20] be **GRANTED**, and Plaintiff Michael Hellerman be awarded **$150,000.00** in damages, which is the maximum amount of statutory damages allowed by 17 U.S.C. § 504.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** in Miami, Florida on this 15th day of April, 2024.

**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc:    **United States District Judge Kathleen M. Williams;**
       **All Counsel of Record**